FILED

JUN 2 8 2012

United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ROMULO MILLAN,<br><br>               Debtor. | Case No. 10-56300-ASW<br><br>Chapter 11 |
| ROMULO MILLAN,<br><br>               Plaintiff,<br><br>vs.<br><br>ALLIANCE BANCORP; CHASE HOME FINANCE, LLC; CALIFORNIA RECONVEYANCE COMPANY; HOUNG CHAN TU; QUOI GIA TRINH; and DOES 1-20,<br><br>               Defendant. | Adv. Proc. No. 10-05227 |

**MEMORANDUM DECISION GRANTING MOTION TO DISMISS**

This matter comes before the Court on a Motion to Dismiss filed by Defendants Chase Home Finance[1] (hereafter "Chase") and California Reconveyance Company (hereafter "CRC"). Plaintiff Romulo Millan (hereafter "Mr. Millan") has opposed the Motion. The

---

[1] Movant is actually JPMorgan Chase Bank, N.A. ("JPMorgan"), which contends that JPMorgan is the successor by merger to Chase Home Finance, LLC.

Court has considered all of the papers filed by the parties and finds there is no need for oral argument. For reasons which the Court shall explain, the Motion to Dismiss is granted, and the Third Amended Complaint is dismissed without prejudice.

**Background**

After several Orders by this Court dismissing earlier filed complaints,[2] Mr. Millan filed a Third Amended Adversary Complaint one year ago on June 28, 2011. The Third Amended Complaint names the following Defendants: Alliance Bancorp (which has not entered an appearance and according to Mr. Millan has never been served), Chase, CRC, Hong Chan Tu (hereafter "Tu"), Quoi Gia Trinh (hereafter "Trinh"), and Does 1 through 20. Pursuant to an Order issued August 31, 2011, the Court dismissed all claims against Tu and Trinh without leave to amend.

The Third Amended Complaint generally alleges the wrongful trustee sale of real property located at 1594 Pebbles Beach Court, Milpitas, California (hereafter "the Property"). According to Mr. Millan, Mr. Millan had been participating in Chase's loan modification program and Chase had represented to Mr. Millan that the Property would not be sold until the loan modification process was completed. Mr. Millan alleges that Mr. Millan relied on Chase's representation and did not cure the default on Mr. Millan's loan.

Mr. Millan alleges that CRC, acting at Chase's request, executed a trustee's deed on July 31, 2009, transferring title to Tu and Trinh, and that the deed was recorded on August 5, 2009. Mr. Millan also alleges that on September 3, 2009, CRC issued a

---

[2] Such Orders were entered on September 11, 2010, January 31, 2011, May 13, 2011, and September 9, 2011.

notice of rescission of the trustee's deed.  Mr. Millan alleges that after September 3, 2009, Chase entered into a forbearance agreement in which Chase agreed that no steps would be taken by Chase to take title to the Property if Mr. Millan made payments of approximately $4,338.  Mr. Millan alleges that Mr. Millan made these payments.  However, according to Mr. Millan, on May 7, 2010, CRC -- at Chase's request -- revoked the rescission of the trustee's deed.

Mr. Millan alleges that when the Property was sold, neither Chase, CRC, nor any authorized agent possessed the original promissory note.  Mr. Millan alleges that there is a question as to ownership of the note, creating an issue as to the validity of the foreclosure.  Mr. Millan alleges that there is no record of an assignment from Mortgage Electronic Registration Systems (hereafter "MERS") to US Bank, and that the only document supporting a valid assignment is a March 26, 2009 Substitution of Trustee in which US Bank, N.A., as trustee for WMALT 2007-OA1 substitutes CRC as trustee for the deed of trust.

The Third Amended Complaint asserts five claims for relief.  The first three claims are asserted only against Chase and the unnamed Doe Defendants.  The last two claims are asserted against all named Defendants.  On all claims, Mr. Millan requests a jury trial.

Claim 1 -- entitled "Fraud as to Chase and Doe Defendants" -- alleges that Chase made a representation that "any foreclosure proceedings would be stopped, and any sale date postponed pending

completion of the loan modification process."[3] Mr. Millan alleges that this representation was false, and that Mr. Millan relied upon it by making no further payments and refraining from actions to protect Mr. Millan's interest in the Property. Mr. Millan alleges that Mr. Millan was damaged in the approximate amount of $300,000.[4] Mr. Millan also alleges that Chase's conduct was fraudulent, wanton, willful, and malicious, and that Chase intended to deprive Mr. Millan of Mr. Millan's right to the Property.

Claim 2 -- which is entitled "Negligent Misrepresentation against Chase and Doe Defendants" -- alleges that Chase negligently made the representation referenced in Claim 1, and that Mr. Millan reasonably relied upon the representation, to Mr. Millan's detriment.

Claim 3 -- entitled "Unfair Business Practices against Chase and Doe Defendants" -- alleges that Chase is a debt collector within the meaning of the Rosenthal Act, California Civil Code § 1788 (hereafter "the Act"), and that Chase violated the Act by sending deceptive letters and making phone calls to demand payment. Mr. Millan also alleges that Chase made false statements about the amount of Mr. Millan's debt, Mr. Millan's payment history, and Mr. Millan's compliance with the loan modification program's requirements.

Claim 4 is asserted against all Defendants. The claim seeks to set aside or rescind the trustee's deed because of the following alleged irregularities in the sale: (1) the representation made by

---

[3] There are no allegations concerning who at Chase made this statement or when the statement was made.

[4] Mr. Millan alleges that the Property was sold for $300,000 below fair market value.

Chase which forms the basis of Claims 1 and 2; (2) the invalidity of an assignment from MERS to U.S. Bank, N.A., as trustee for WMALT 2007-OA1.33; (3) the failure to include a properly executed declaration pursuant to Cal. Civ. Code § 2923.54 -- a statute which, incidentally, has been repealed; (4) the notice of sale was not posted at Mr. Millan's residence; and (5) the amount sought in the notice of sale ($889,036.50) exceeded the amount permitted under the adjustable rate rider, which was 110% of $750,000.

Claim 5 seeks declaratory relief. Among other things, Mr. Millan seeks a declaration that Chase and CRC lacked standing to foreclose on the Property, as well as a declaration that Mr. Millan owns the Property.

**Issues Presented**

In their Motion to Dismiss, Chase and CRC raise several arguments. First, Chase and CRC contend that the Third Amended Complaint was not properly or timely served. Chase and CRC also argue that they had standing to foreclose on the Property. Chase and CRC further argue that Claim 4 fails because Mr. Millan has failed to allege tender, or the ability to make tender. As for Claims 1 and 2, Chase argues that Mr. Millan has failed to plead these claims with the requisite particularity. Chase also argues that Claim 3 fails as a matter of law, because Chase is not a "debt collector" within the meaning of the Act, and non-judicial foreclosure is not an activity covered by the Act. Chase and CRC argue for dismissal of Claim 4 on the basis that Defendants have complied with the California law requirements for non-judicial foreclosure, and the statute cited by Mr. Millan in Claim 4 has been repealed and never provided a private right of action.

Finally, Defendants argue for dismissal of Claim 5, because a claim for declaratory relief cannot be a freestanding cause of action.

Mr. Millan opposes the Motion. Mr. Millan claims that both Chase and CRC were personally served or waived service. As to the substantive arguments for dismissal, Mr. Millan contends that the public records do not demonstrate either Defendant's authority to foreclose and asserts that the trustee's sale is void. Mr. Millan also contends that he has adequately pled his claims, and that no tender was required because Mr. Millan seeks to set aside the trustee's sale. Alternatively, Mr. Millan contends that the tender requirement should be waived as inequitable. Mr. Millan also expresses an intention to plead a new claim of promissory estoppel in a Fourth Amended Complaint.

The Motion to Dismiss is accompanied by Chase and CRC's request for judicial notice. Mr. Millan does not dispute that the Court may take judicial notice of public records, but contends that the Court should not consider the content of such records. It is not necessary to reach this issue, because the Court's ruling does not take into consideration any of the documents for which Chase and CRC have requested judicial notice.

**Analysis**

The Court only needs to address the first argument raised by Chase and CRC that all claims against Chase and CRC should be dismissed pursuant to Fed. R. Civ. P. 12(b) for lack of proper service of the Third Amended Complaint. Both Chase and CRC assert that neither have ever been properly served with the Third Amended Complaint. Chase contends that Mr. Millan was required to serve the Third Amended Complaint on Chase by certified mail on a named

officer in accordance with Fed. R. Bankr. P. 7004(h), but that Mr. Millan never did so. In addition, both Chase and CRC contend that the Third Amended Complaint was not served on either Chase or CRC within the 120-day period required by Fed. R. Civ. P. 4(m).

Mr. Millan responds that with regard to service on Chase, Mr. Millan was not required to comply with Rule 7004(h) because Mr. Millan served the summons with the Third Amended Complaint, or alternatively, that Chase has "tacitly waived" service. Mr. Millan also points to two returns of service filed in the main bankruptcy case to demonstrate that the Third Amended Complaint was mailed by first class mail to CRC on January 2, 2012 and to Chase on January 27, 2012.[5]

A party may move to dismiss a complaint under Fed. R. Civ. P. 12(b)(5) for insufficient service of process. In determining such a motion, the Court may consider matters outside the pleadings. Compare Fed. R. Civ. P. 12(d) (which prohibits consideration of matters outside the pleadings for motions brought under Rule 12(b)(6) or 12(c) without converting the motion to one for summary judgment); see also In re American Camshaft Specialties, Inc., 410 B.R. 765, 772 (Bankr. E.D. Mich. 2009). Mr. Millan bears the burden of proving that there was valid service of process. See 4A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1083 (3d. Ed. 2002 & Supp. 2012) ("As numerous cases make clear, the party on whose behalf service of process is made has the burden of establishing its validity when challenged; to do so, she must demonstrate that the procedure employed to deliver the papers

---

[5] There is no summons mentioned in either return of service.

Case: 10-05227   Doc# 123   Filed: 06/28/12   Entered: 06/28/12 17:17:00   Page 7 of 11

7

satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.").

Under Fed. R. Civ. P. 4(c)(1) and (m), made applicable to adversary proceedings by Fed. R. Bankr. P. 7004(a)(1), a summons and complaint must be served on a defendant within 120 days after the filing of a complaint. Failure to serve a summons and complaint within such time period requires a court to either dismiss the complaint, without prejudice, or to order that service be made within a specified time.

In adversary proceedings, service upon an FDIC-insured institution must be accomplished in accordance with Fed. R. Bankr. P. 7004(h), which provides:

> Service on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution unless--
>
> (1) the institution has appeared by its attorney, in which case the attorney shall be served by first class mail;
>
> (2) the court orders otherwise after service upon the institution by certified mail of notice of an application to permit service on the institution by first class mail sent to an officer of the institution designated by the institution; or
>
> (3) the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service.

The Third Amended Complaint was filed with the Court on June 28, 2011. Therefore, to be timely under Fed. R. Civ. P. 4(m), service of the Third Amended Complaint should have been accomplished by October 26, 2011. A certificate of service filed with the Court on June 29, 2011, shows that the Third Amended

Complaint -- but no summons - was mailed by first class mail to Chase and CRC. The two summonses dated January 2, 2012 and January 27, 2012, likewise show no service of a summons with the Third Amended Complaint. In short, the record is devoid of any proof that Mr. Millan served either Chase or CRC with a summons and Third Amended Complaint at any time.

In addition, Mr. Millan has not made any showing that Chase, as an FDIC-insured institution, was properly served under Rule 7004(h). In this case, Chase has not appeared by its attorney within the meaning of Rule 7004(h)(1), nor waived *in writing* Chase's entitlement to service by certified mail. Further, the Court has not ordered that service of the Third Amended Complaint on Chase should be in any manner apart from what Rule 7004(h) requires.

At a hearing held January 24, 2012 on a December 15, 2011 Order to Show Cause directing Mr. Millan to show why the case should not be dismissed for lack of prosecution, counsel for Mr. Millan agreed that Chase had not yet been served.[6] Counsel for Chase and CRC also mentioned that neither Chase nor CRC had been served with a summons. The Court advised Mr. Millan that the Court would give Mr. Millan one final opportunity to serve Chase and CRC effectively with updated summonses and the Third Amended Complaint, and stated that absent proper service, the Court would dismiss the Third Amended Complaint. Because Mr. Millan has made no showing that service of process was ever properly accomplished on Chase and

---

[6] This was not the first time Mr. Millan failed to serve Chase or CRC properly. In a Case Management Conference Statement filed December 6, 2010, Mr. Millan conceded that Mr. Millan did not serve Chase or CRC with the original complaint filed five months earlier on July 6, 2010.

Case: 10-05227    Doc# 123    Filed: 06/28/12    Entered: 06/28/12 17:17:00    Page 9 of 11

9

CRC, and because none of the Defendants remaining in this action have been served, the Motion to Dismiss is granted, and the Third Amended Complaint is dismissed, without prejudice.

IT IS SO ORDERED.

Dated: 6/28/12

ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

Court Service List

Romulo Millan
1594 Pebble Beach Court
Milpitas, CA 95035


Mitchell L. Abdallah
Abdallah Law Group
555 Capitol Mall #725
Sacramento, CA 95814


Jeffrey N. Williams
Wargo and French LLP
1888 Century Park East, #1520
Los Angeles, CA 90067

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California